IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| FALECIA WADDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:20-CV-05113-WJE |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Falecia Waddell seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401, *et seq.*, and supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382–1385. Administrative Law Judge Robert A. Lynch ("ALJ") found that although Ms. Waddell had several severe and non-severe impairments, she retained the residual functional capacity ("RFC") to do sedentary work. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

### I. Background

Ms. Waddell filed a claim for SSI on January 12, 2017, and subsequently protectively filed a claim for DIB on April 27, 2017. (AR 10). She alleged a disability onset date of April 20, 2014, but later amended the onset date to September 1, 2017. (*Id.*). She alleges disability due to degenerative disc disease, chronic migraines, chronic knee pain, chronic back pain, severe

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

depression, severe anxiety, posttraumatic stress disorder, broken ankles, torn Achilles tendon, dislocated tendons, fractured left shin bone, insomnia, and bipolar disorder. (*Id.* 13, 111-12). Her claims were denied initially on August 31, 2017. (*Id.* 10). She filed a written request for hearing which was held on November 21, 2019. (*Id.*).

On January 30, 2020, the ALJ denied Ms. Waddell's claims. (*Id.* 11). The ALJ determined that although Ms. Waddell had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 13-15). He also determined that Ms. Waddell had an RFC to perform sedentary work with certain limitations, including:

> [S]he can lift 10 pounds occasionally and 5 pounds frequently, and can stand and/or walk for a cumulative total of 2 hours during an 8-hour workday, but for no more than 15 minutes continuously, and can sit for a cumulative total of 6-8 hours during an 8-hour workday. When performing seated work[,] she requires the opportunity to make a positional change every 45 minutes to relieve discomfort. Such positional change will allow her to stand briefly when performing seated work- without leaving the workstation or being off task - for a period not to exceed 3 minutes. She can occasionally climb ramps and stairs, but can never climb ladders and scaffolds, and can occasionally stoop and kneel, and can rarely crouch (rarely is defined as 5% of the workday or less), but can never crawl. She cannot perform work that requires her to use her lower extremities to operate foot controls. She cannot perform work that requires her to handle, finger, or feel on more than a frequent basis. She cannot work in environments that result in concentrated exposure to extreme cold or vibration, and can never work at unprotected heights, or around dangerous moving machinery. She can understand, remember, and carry out simple instructions and can maintain concentration, persistence, and pace sufficient to perform work that consists of simple, routine tasks, requiring only simple workplace judgments in an environment free of expectations to perform fast-paced production work. She must work in an environment that is isolated from the public and requires no more than occasional and superficial interaction with coworkers; however, she can tolerate any level of interaction with supervisors.

(*Id.* 15-16). During the November 21, 2019 hearing, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Ms. Waddell's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 22-23, 105-06). The VE testified

that such an individual could perform work as a document preparer, addresser, or packer. (*Id.* 23, 106-07).

Following the ALJ's decision, Ms. Waddell filed an appeal with the Appeals Council. (*Id.* 188-90). The Appeals Council denied Ms. Waddell's request for review leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-3). Since Ms. Waddell has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. §§ 423(d) and 1382c(a) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. §§ 404.1520, 416.920; *see also Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (citation omitted). The Commissioner must evaluate:

(1) whether the claimant is presently engaged in a substantial gainful activity;
(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *see Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012) (citation omitted).

## III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (citation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (citation omitted); *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## IV. Discussion

Ms. Waddell raises one issue in her appeal before the Court. She argues that the RFC decision is not supported by substantial evidence because the ALJ did not properly assess the limitations that result from her migraines. (*See* Doc. 17 at 10-15). The Court finds that substantial evidence supports the RFC decision because the ALJ properly considered her migraines. Accordingly, this Court affirms.

"A claimant's RFC is 'the most [she] can still do despite [her] limitations.'" *Swink*, 931 F.3d at 769 (quoting 42 U.S.C. § 404.1545(a)(1)). The claimant has the burden to prove her RFC. *Id.* at 770 (citing *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019)). "The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (quoting *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010)).

If a claimant's subjective complaints are inconsistent with the record as a whole, including the claimant's work history, daily activities, and objective medical evidence, the complaints can be discounted. *Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 518 (8th Cir. 2019); *see also Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). Moreover, when evaluating a claimant's subjective reports, the ALJ "may choose to disbelieve those subjective reports because there are inherent inconsistencies or other circumstances that cause the ALJ to question the reliability of the subjective reports." *Twyford*, 929 F.3d at 517-18 (citing *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007)). Specifically, the Eighth Circuit held that when the claimant does not undergo diagnostic testing, works regularly while seeking treatment for migraine headaches, and the migraine headaches respond to medication, the migraines were not a severe impairment and the ALJ did not err when he did not include any corresponding limitation in the claimant's RFC. *Martise*, 641 F.3d at 923-24.

Here, the ALJ properly considered Ms. Waddell's migraines. While Ms. Waddell asserted that she has chronic migraines, the ALJ found that the "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record…." (AR 17). The ALJ then went on to consider Ms. Waddell's work history, daily activities, and medical evidence. First, the ALJ considered that Ms. Waddell continued to provide daycare services after her alleged onset date. (*Id.* 15). The ALJ then considered Ms. Waddell's daily activities, ultimately concluding that Ms. Waddell's daily activities included caring for her five children, grocery shopping, attending appointments, doing chores, shopping, cooking food, managing her personal finances, and handling her personal care. (*Id.* 14-15). The ALJ also considered the objective medical evidence related to her migraines. (*Id.*

19). The ALJ considered an unremarkable CT conducted in 2017. (*Id.*). In addition, the ALJ considered that Ms. Waddell's migraines have been treated with medication. (*Id.*). After considering the record as a whole, the ALJ concluded that Ms. Waddell's reports that her migraines were debilitating, in that she had migraines every other day that lasted for up to six hours, were inconsistent with the record. (*Id.*; *See Twyford*, 929 F.3d at 518). Specifically, Ms. Waddell did not report any worsening migraine symptoms to her medical providers and testified that medication helped reduce her symptoms. (AR 19). Like in *Martise*, Ms. Waddell continued to work regularly, her migraines responded to her prescribed medications, and besides the CT in 2017, the record is void of Ms. Waddell undergoing any diagnostic testing to address her migraines. *See Martise*, 641 F.3d at 923-24. As this Court must "defer heavily" to the findings of the Acting Commissioner, the Court finds that the ALJ properly considered Ms. Waddell's migraines. *See Wright*, 789 F.3d at 852; *see also Biestek*, 139 S. Ct. at 1157.

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Ms. Waddell was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 28th day of December 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge